Seaton v Babad (2026 NY Slip Op 01745)

Seaton v Babad

2026 NY Slip Op 01745

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ.

Index No. 153566/24|Appeal No. 6178|Case No. 2025-04354|

[*1]Debra Seaton et al., Plaintiffs-Respondents,
vChaim Babad et al., Defendants, EK Realty, LLC, Defendant-Appellant.

Borchert & LaSpina, P.C., White Plains (Robert W. Frommer of counsel), for appellant.
Munzer & Saunders, LLP, New York (Craig Saunders of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered July 3, 2025, which denied defendant EK Realty, LLC's motion to dismiss for lack of standing, unanimously modified, on the law, to the extent of staying the action pending a determination on a motion by plaintiffs to obtain permission to sue, nunc pro tunc, and otherwise affirmed, without costs.
Plaintiffs were required to obtain permission from the court before commencing this action against EK Realty. A receiver or its agent generally cannot be sued absent prior permission of the court that appointed the receiver (see Collins v Vickers , 296 AD2d 320, 321 [1st Dept 2002], lv denied 98 NY2d 615 [2002]). One exception to the requirement of prior permission is where the receiver or agent has acted ultra vires (see Leonard v Vrooman , 383 F2d 556, 560 [9th Cir 1967], cert denied 390 US 925 [1968]). Determination of whether a receiver's conduct is ultra vires turns on the scope of the receivership and the obligations, duties, and tasks set out by the receivership order (see Ariel Preferred Retail Group v CWCapital Asset Mgt. , 883 F Supp 2d 797, 817-818 [ED Mo 2012]). Where the receiver is acting within the scope of its role, it cannot be sued without prior permission (id .). Here, EK Realty, who was appointed manager of a commercial property, was acting within the scope of its retention when it allowed a new tenant to clear out an office unit formerly used by plaintiffs, including allowing the new tenants to dispose of the contents thereof.
Plaintiffs correctly point out that the failure to obtain prior permission is not jurisdictional (see Collins , 296 AD2d at 321). Therefore, the action should be stayed pending a determination on a motion by plaintiffs to obtain permission to sue, nunc pro tunc.
We have reviewed plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026